IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVIE JACKSON,
B63752,

    Plaintiff,

vs.

                                  Case No. 17-cv-420-DRH

DONALD STOLWORTHY, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    This matter is before the Court on plaintiff's pending motions pertaining to his unpaid filing fee. (Docs 8, 9, & 10). Plaintiff's Complaint was filed on April 24, 2017. (Doc. 1). That same day, the Clerk of Court sent plaintiff a letter directing him to pay the filing fee or file an IFP Motion within 30 days from the date of the letter. (Doc. 4). Plaintiff subsequently filed motions wherein he alleged that he authorized the Trust Fund Account Officer to submit the $400.00 filing fee in April 2017. (Docs. 5 & 6). As support for this assertion, plaintiff attached records indicating that the Trust Fund Account Officer issued a $400.00 check on plaintiff's behalf. (Doc. 6, pp. 2-3) (reflecting that $400.00 was withdrawn from plaintiff's account in relation to filing a lawsuit in the Southern

1

District of Illinois – Check No. 149399). One of the attached records included a written note, apparently from the Trust Fund Account Officer, stating "As you can see – the trust officer received your voucher on 4/13/17 and the check was processed the same day." (Doc. 6, p. 2). Another record indicated that the check was mailed to the United States District Court for the Southern District of Illinois in Benton. (Doc. 6, p. 3). The Court, however, never received a filing fee from the plaintiff. (Doc. 7). Accordingly, on May 30, 2017, the Court issued an order informing plaintiff that the Court had not received plaintiff's filing fee and allowing an extension. (Doc. 7).[1]

On June 13, 2017, plaintiff submitted additional motions to the Court. (Doc. 9 & 10). The motions indicate that plaintiff has attempted to resolve this matter with Menard's Trust Fund Officer but is not receiving adequate assistance. The motions ask the Court to order Menard to take various actions (order Menard to mail Check No. 149399, order Menard to pay plaintiff's filing fee, order Menard to send the Court a second check). The relief sought by Plaintiff places the Court at risk of interfering "in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562

---

[1] The Order provided as follows:

> It is apparent that Plaintiff has attempted to pay his filing fee. Accordingly, the Court will grant the requested extension in order to allow Plaintiff time to locate or cancel the missing check and submit a new check to the Court. Plaintiff is ALLOWED until June 29, 2017 to provide the Court with a filing fee of $400.00 or a properly completed IFP Motion. The Court is sympathetic to the difficulties Plaintiff appears to be experiencing with the missing check. Nonetheless, this action cannot proceed until Plaintiff pays his filing fee or submits a properly completed IFP Motion.

(1979)). The Court is cognizant of the Supreme Court's admonition regarding taking such action. *Id.* Accordingly, the plaintiff's motions will be denied at this time.

However, the Court is also cognizant of Seventh Circuit authority regarding a district court's duty, prior to dismissing an action for failure to pay a filing fee, to conduct the inquiry necessary to determine that the failure is attributable to the prisoner's negligence or misconduct rather than circumstances beyond his control. *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014); *Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015). Considering the allegations pertaining to plaintiff's filing fee (discussed above), the Court concludes that additional inquiry is appropriate.

Accordingly, the Court **ORDERS Menard's Trust Fund Account Officer** to provide the Court with information pertaining to Check No. 149399, including (1) whether the check was issued and mailed to this Court in association with the above captioned action; (2) whether the check has been cashed; and (3) if the check is indeed missing, whether Menard can work with Plaintiff to cancel or stop payment on the check and issue a new check. **The Trust Fund Account Officer shall provide the Court with the above information on or before June 29, 2017**.

Plaintiff's deadline with regard to paying the filing fee is hereby extended to a date to be determined by the Court.

The Clerk of the Court is **DIRECTED** to terminate Plaintiff's pending Motions (Doc. 8, Motion for Status shall be terminated as **MOOT**; Doc. 9 and Doc. 10 are **DENIED** without prejudice).

The Clerk of the Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at Menard.

**IT IS SO ORDERED.**

DATED: June 18, 2017

Judge Herndon
2017.06.18
16:04:06 -05'00'

**United States District Judge**